599 F.2d 42
 Karin S. QUAM, Individually and as Prospective Executrix of
the Estate of Howard Quam, Deceased, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee and
Third-Party-Plaintiff-Appellee,
v.
PERTH AMBOY DRY DOCK CO., Third-Party-Defendant-Appellee,
v.
INTERSTATE INDUSTRIAL PROTECTION, INC.,
Fourth-Party-Defendant-Appellee.
 No. 753, Docket 78-7393.
 United States Court of Appeals,
Second Circuit.
 Argued April 23, 1979.
Decided May 23, 1979.
 
 Wilbur E. Dow, Jr., New York City, for plaintiff-appellant.
 Joseph E. Donat, New York City (Bigham, Englar, Jones & Houston, New York City, William P. Kardaras, New York City, of counsel), for defendant-appellee and third-party plaintiff-appellee, Mobil Oil Corporation.
 Stanley W. Zawacki, New York City (Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, of counsel), for third-party defendant-appellee, Perth Amboy Dry Dock Co.
 Thomas McCaffrey, New York City (Healy & McCaffrey, New York City, of counsel), for fourth-party defendant-appellee, Interstate Industrial Protection, Inc.
 Before WATERMAN, FEINBERG and MANSFIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Karin S. Quam appeals from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, J., dismissing her complaint for the wrongful death of her husband, Howard Quam. Plaintiff's husband was an Engineer on the M/V Mobil Chicago, which was moored at the Perth Amboy Dry Dock Co. in New Jersey on May 3, 1976. According to the testimony of Mrs. Quam, her husband called her that evening from a telephone booth on shore and told her he was going to return to the ship to watch television. His body was found the next day off Staten Island some distance from the dock where the ship was moored. The cause of death was "asphyxia by drowning." There was testimony that access to the ship consisted of a gangway from the pier to a crane barge, which was the property of the docking company, and from the crane barge to the ship. Plaintiff sued Mobil Oil Corporation, the owner of the vessel, under the Jones Act, 46 U.S.C. § 688, and in admiralty. Mobil impleaded the dock owner, Perth Amboy Dry Dock Co., and Perth Amboy impleaded its security guard service, Interstate Industrial Protection, Inc. Plaintiff was later permitted to amend her complaint to assert claims directly against Perth Amboy and Interstate.
 
 
 2
 The case was tried before Judge Sweet and a jury in July 1978. After plaintiff rested, all defendants moved under Fed.R.Civ.P. 50 for a directed verdict on the ground that plaintiff had failed to make out a prima facie case. The judge granted the motion as to all defendants. With regard to Interstate, the judge found that there was no evidence of any duty of Interstate to plaintiff's decedent and, a fortiori, there was no evidence of any breach of such duty. With regard to Perth Amboy, the court found that plaintiff did have an action in admiralty against Perth Amboy for any accident occurring on the crane barge or its gangplanks, and that there was enough evidence for a jury to find that Perth Amboy had been negligent. The judge held, however, that there was no evidence that the alleged negligence proximately caused Mr. Quam's death. Finally, the judge ruled that Mobil's duty extended only as far as the dock, but that even if the ship's duty extended further, plaintiff had also failed to prove proximate cause with respect to Mobil.
 
 
 3
 We affirm the decision of the district court. Although the defendants may have permitted some unsafe conditions to exist in and about the dock, gangplank and barge, a jury on this record could not reasonably infer that such conditions "played any part, even the slightest, in producing the . . . death for which damages are sought," which is essential to recovery. See Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957); Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957) (plurality opinion). There was simply no evidence of causation. In contrast, in each of the cases relied upon by appellant there were circumstances from which one might reasonably infer that the dangerous condition was at least a cause in part of the death. For example, in Schulz v. Pennsylvania Railroad Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956), the deceased's partially unclad body, flashlight in hand, was found in the water near a pier adjacent to the inadequately lighted tugs with "some ice" on their decks where he was required to work as part of his duties. The clothes missing from his body were found in his room on the tug. From these and other circumstances, it could be inferred that he slipped on an icy deck on the cold winter's night, fell overboard and drowned. Also, it was conceded that Schulz's death was not due to other causes, e. g., foul play or intoxication. Here, there are simply not enough circumstances to warrant such an inference, and there is no similar concession ruling out other causes of death.
 
 
 4
 Judgment affirmed.